500 So.2d 436 (1986)
Bessie WHITE
v.
George NAQUIN, et al.
No. CA/85/1207.
Court of Appeal of Louisiana, First Circuit.
December 23, 1986.
*437 F. Barry Marionneaux, Patrick W. Pendley, Plaquemine, for Bessie White, plaintiffappellee.
John Dale Powers, Baton Rouge, for George H. Naquin, Anita Naquin and State Farm Fire & Cas. Co., defendants-appellants.
Kenneth E. Barnette, Baton Rouge, for St. Paul Fire and Marine Ins. Co., defendant-appellee.
Carey J. Guglielmo, Baton Rouge, for George A. Naquin and State Farm Fire & Cas. Co., defendants-appellants.
Before EDWARDS, WATKINS and LeBLANC, JJ.
LeBLANC, Judge.
The issue in this personal injury case is whether a defendant/third-party plaintiff can obtain indemnification from the plaintiff's employer, when the plaintiff received worker's compensation benefits for the injury sued upon.
Plaintiff, a bus driver for the Ascension Parish School Board (School Board), was injured when she bumped into or was tripped by a minor student on the grounds of East Ascension High School. Plaintiff was paid worker's compensation benefits for the injury she sustained. Plaintiff also filed a personal injury suit against George Naquin, the minor student's father, and his homeowner's insurer, State Farm Fire & Casualty Company (State Farm). Naquin and State Farm in turn filed a third-party demand against the School Board seeking indemnification of any amounts for which they were held liable on the basis that the employees of East Ascension High failed to properly supervise Naquin's daughter.
In response to the third-party demand, the School Board filed a motion for summary judgment contending its liability was limited to worker's compensation benefits. The trial court granted the motion and dismissed the third-party demand against the School Board. Naquin and State Farm appealed.
We affirm.
A motion for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, show that there is no genuine issue as to material fact, and that the mover is clearly entitled to judgment as a matter of law. La.Civ.Code art. 966B; McCorkle v. Gulf States Utilities Co., 457 So.2d 682 (La.App. 1st Cir.1984). There are no issues of material fact in this case. Further, it is well established that a third-party, even if only vicariously liable, is not entitled to indemnification from the plaintiff's employer for damages the plaintiff sustained in an accident covered under the Worker's Compensation Act. LeJeune v. Highlands Insurance Company, 287 So.2d 531 (La.App. 3rd Cir.1973), writ denied 290 So.2d 903 (1974); Badeaux v. Patterson Truck Line, Inc., 247 So.2d 875 (La.App. 3rd Cir.); writ denied, 259 La. 77, 249 So.2d 209 (1971); Bagwell v. South Louisiana Electric Coop. Ass'n., 228 So.2d 555 (La.App. 3rd Cir. 1969); Gifford v. Aurand Manufacturing Company, 207 So.2d 160 (La.App. 4th Cir.), writ refused, 252 La. 115, 209 So.2d 41, (1968); Hebert v. Blankenship, 187 So.2d 798 (La.App. 3rd Cir.1966). The employer's liability is limited exclusively to the payment of worker's compensation benefits, even if the employer is guilty of actual negligence. La.R.S. 23:1032; LeJeune; Bagwell; Gifford.
The Worker's Compensation Act, La.R.S. 23:1021 et seq., constitutes a compromise *438 between the rights of employers and the rights of employees. Employers are required under this act to pay compensation benefits to any employee injured during the course and scope of his employment, even when the employer is not guilty of actual fault. To counterbalance the economic impact of this rule, employers cannot be held liable for any damages other than compensation benefits, even if guilty of actual fault. Wright v. Moore, 380 So.2d 172 (La.App. 1st Cir.1979), writ denied, 382 So.2d 164 (1980). To require the employer to indemnify a third party who was held liable for damages to the employee would circumvent the fundamental principles behind this compromise. See Franklin v. Oilfield Heavy Haulers, 478 So.2d 549, 557 (La.App. 3rd Cir.1985), writs denied, 481 So.2d 1330 and 1331 (1986). Accordingly, the summary judgment was properly granted.
There is no merit to the appellants' argument that the School Board is liable for indemnification, not in its capacity as plaintiff's employer, but in its capacity as the custodian of Naquin's daughter while she was on school grounds. Although the "dual-capacity doctrine" has been accepted in some jurisdictions, it has consistently been rejected by the courts of this state.[1]McCorkle v. Gulf States Utilities Co., supra; Certain v. Equitable Equipment Co., 453 So.2d 292 (La.App. 4th Cir.), writ denied, 459 So.2d 535 (1984); Hebert v. Gulf States Co., 369 So.2d 1104 (La.App. 1st Cir.), writ denied, 369 So.2d 466 (1979). We likewise reject this argument, finding the application of this doctrine would be inconsistent with the spirit of the Worker's Compensation Act.
The judgment of the trial court is affirmed. All costs of appeal are to be paid by appellants.
AFFIRMED.
EDWARDS, J., dissents and assigns reasons.
EDWARDS, Judge, dissenting.
The result in this case is wrong. The majority confused the issue of the School Board's liability to the plaintiff under worker's compensation with the School Board's completely separate liability to defendant George Naquin under the doctrine of "in loco parentis." LSA-C.C. art. 2318. In Posey v. Lemoine, 471 So.2d 272 (La. App. 4th Cir.1985), the court astutely noted that the exclusivity provision in worker's compensation did not prevent suit against a co-employee who was not being sued for her own negligence but as the mother of her child, for whose negligence she was legally responsible under LSA-C.C. art. 2318.
I respectfully dissent.
NOTES
[1] We disagree with appellants' contention that Wright v. Moore, supra, recognized the application of the "dual capacity doctrine" in Louisiana. The court in Wright did not apply this doctrine and the discussion of its application was made with reference to its application in other jurisdictions. This is made perfectly clear by this Court's statement in McCorkle v. Gulf States Utilities Co., at p. 685, "Similar arguments urging the application of the dual capacity doctrine... have previously, and properly, been rejected by this court."