DOUCET, Judge.
This appeal concerns a lessor’s third party demand for defense and indemnity from its lessee.
Claudia Wallace, plaintiff in this matter, provided clerical and receptionist services to a group of businesses, including Canco Services (Services), which shared office space in a building which they leased from Canco Realty (Realty). Ms. Wallace was required to punch in and out of work each day on a time clock. In order to do so, she had to cross the machine shop run by one of her employers.
On February 2, 1988, while crossing the machine shop to punch out, Wallace slipped and fell. Subsequently, she filed suit against all the businesses to which she provided services, claiming worker’s compensation benefits from one and damages in tort from the others, including Realty and Services.
As a result of Wallace’s action against it, Realty filed a third party demand against Services and its insurers, Underwriters at Lloyds, London and Institute of London Underwriters (Lloyds), asking for indemnity under the lease contract between them and claiming that Services had breached the contract of lease by failing to name them as co-insured on their policy of liability insurance. Realty moved for summary judgment arguing that no question remained but that it was owed a defense and indemnity from Services under the lease; that the contract of general liability insurance covered the damages claimed by Wallace against Realty; and, that Services had breached its contract of lease by failing to name Réalty as an additional insured on its policy of general liability insurance. The trial judge granted the motion for summary judgment. Services and Lloyds appeal.
The lease between Realty and Services is unambiguous. It is clear from the terms of the lease that Services agreed to indemnify, defend and hold Realty harmless from “any loss, theft or damage to property or injury to or about the leased premises whether or not such are occasioned by the negligence of the Lessee, Lessee’s agents or employees.” The jurisprudence of this State provides that:
“A contract of indemnity whereby the indemnitee is indemnified against the consequences of his own negligence is strictly construed, and such a contract will not be construed to indemnify an indemnitee against losses resulting to him through his own negligent acts unless such an intention is expressed in unequivocal terms. Soverign Ins. Co. v. Texas Pipe Line Co., 488 So.2d 982 (La.1986); Polozola v. Garlock, 348 So.2d 1000 (La.1977).”
Perkins v. Rubicon, Inc., 563 So.2d 258 (La.1990).
The indemnity agreement here contains no provision which could be construed as an agreement to indemnify Realty against its own negligence. Therefore, the demands made by the plaintiff in her petition will determine whether Realty is entitled to indemnity. However, after reviewing plaintiff’s petition, we find that it fails to state a cause of action against Realty in either negligence or strict liability. La. C.C.P. art. 927 states in pertinent part that:
“[T]he failure to disclose a cause of action ... may be noticed by either the trial or appellate court of its own motion.”
With regard to the exception of no cause of action, this court has stated that:
“The general rule is that where a petition states a cause of action as to any ground or portion of a demand, the exception of no cause of action should be denied. The purpose of this rule is to prevent piecemeal litigation and to avoid multiple appeals. Rodriguez v. American Bankers Insurance Company of Florida, 386 So.2d 652 (La.1980). However, this court has recognized an exception to this rule when separate and distinct causes of action are included in one petition. Bordelon v. Cochrane, 533 So.2d 82 (La.App. 3rd Cir.1988), writ denied, 536 So.2d 1255 (La.1989).”
Ward v. Tenneco Oil Co., 564 So.2d 814, 820 (La.App. 3rd Cir.1990). In the case currently before the court, plaintiff at *144 tempts, without success, to state a separate cause of action against Realty.
As a result of this, there is at this time no claim against Realty for which they can claim indemnity from Services. Therefore, Realty has no cause of action against Services for either indemnity or breach of contract. Further amendment of the third party demand would serve no purpose unless plaintiff amends her petition to state a cause of action against Realty. Therefore, Realty’s third party demand will be dismissed without prejudice.
Accordingly, the summary judgment is set aside. Judgment is rendered. Judgment is rendered granting an exception of no cause of action in connection with plaintiffs demands against Realty and granting plaintiff fifteen days from the date of this opinion to amend her petition or suffer dismissal of her demand against Realty. Judgment is further rendered granting an exception of no cause of action and dismissing Realty’s third party demand without prejudice. Costs of this appeal are to be divided equally between Realty and Services.
REVERSED, RENDERED AND REMANDED.