641 So.2d 624 (1994)
Claudia WALLACE, et al., Plaintiffs-Appellants,
v.
HELMER DIRECTIONAL DRILLING, INC. etc., Defendants-Appellees.
No. 93-901.
Court of Appeal of Louisiana, Third Circuit.
July 13, 1994.
*625 Robert Elton Arceneaux, New Orleans, Warren D. Rush, Lafayette, for Claudia Wallace et al.
Charles Ray Minyard, Mark Louis Riley, Lafayette, for Helmer Directional Drilling, Inc. etc.
Michael Wayne Adley, Lafayette, for Acadian Oilfield Rentals.
Jacques Joseph Cousin Jr., New Iberia, for Edwin Dean Hebert.
E. Gregory Voorhies, Lafayette, for Canco Realty.
Jeffrey Allen Raines, New Orleans, for Canco Services, Inc.
Before GUIDRY, C.J., and LABORDE and THIBODEAUX, JJ.
THIBODEAUX, Judge.
This appeal concerns the negligence and strict liability claims of an employee of a lessee against the owner-lessor of the premises where the injury occurred.
Canco Services, the employer, filed a motion for summary judgment, requesting that Claudia Wallace's claim based on strict liability against Canco Realty, the owner-lessor, be dismissed. Services based this demand on a clause in its lease with Realty which purported to shift Realty's duty, as owner-lessor of the premises, to Services to maintain the safety of the building and to keep it free from unreasonable defects pursuant to *626 La.R.S. 9:3221.[1] Realty filed its own motion for summary judgment and sought dismissal of all claims arising in strict liability and negligence.
The trial court granted the motions and dismissed all claims against Canco Realty as owner-lessor. It held that La.R.S. 9:3221 permits a contractual assumption of liability between an owner-lessor and employer-lessee and La.Civ.Code art. 2004[2] did not prohibit such an assumption. While recognizing that an injured employee loses a cause of action in tort and is limited to a workers' compensation remedy, the court premised its conclusion on the need to foster commerce and the balancing of interests between the employer and employee. It further held that Realty had no knowledge of the condition of the premises and the unrecorded character of the lease did not render the lease provision ineffective as to third parties.
Wallace appeals the judgment which exculpated Realty from all liability for her injuries.
For the following reasons, we reverse and remand on the questions of Realty's liability in negligence and strict liability.

ISSUES
The issues are whether:
(1) the trial court erred in ignoring Canco Realty's constructive and actual knowledge of the defect in its premises.
(2) the principle of contra bonos mores prohibits the application of La.R.S. 9:3221 to the facts of this case.
(3) the trial court erred in holding that the purported assumption clause contained in the unrecorded lease between Canco Realty and Canco Services could have effect against a third party.

FACTS
The facts of this case were previously recited by this court in Wallace v. Helmer Directional Drilling, Inc., 600 So.2d 142 (La. App. 3d Cir.1992), are virtually undisputed by the parties in the present appeal and, in pertinent part, are restated below:
"Claudia Wallace, plaintiff in this matter, provided clerical and receptionist services to a group of businesses, including Canco Services (Services), which shared office space in a building which they leased from Canco Realty (Realty). Ms. Wallace was required to punch in and out of work each day on a time clock. In order to do so, she had to cross the machine shop run by one of her employers.
On February 2, 1988, while crossing the machine shop to punch out, Wallace slipped and fell. Subsequently, she filed suit against all the businesses to which she provided services, claiming worker's compensation benefits from one and damages in tort from the others, including Realty and Services."
Wallace, 600 So.2d at 143.
After remand, Wallace amended her petition to incorporate the following paragraph:
The building in which Wallace was injured, was owned and leased by Canco Realty, and was unreasonably dangerous due to the slippery condition of the machine shop floor (such as special paint, sand, etc.), the configuration of the building exacerbated the risk of injury due to the location of the employee's lounge at the back of the machine shop and the location of extrawide bay-type doors, which resulted in constant humidity build up on the already slippery machine shop floors with no precautions taken to minimize the risk of danger, *627 among other defects. The unreasonably dangerous condition of the building was a cause of Wallace's injury.[3]
Following the amendment, Realty filed a third-party demand against Services, alleging that its lease agreement with Services resulted in an obligation by Services to indemnify Realty for any loss it suffered because of Wallace's injury on the premises.
At the time of Wallace's accident, Realty was a partnership consisting of two other partnerships, Magnolia Services and Canco Services. Edwin Dean Hebert, the individual who hired Wallace, was a Magnolia Services partner. Magnolia Services had a 50% interest in Realty.

LAW AND DISCUSSION

Summary Judgment
Appellate courts review summary judgments de novo under the same criteria that govern the trial judge's consideration of whether a summary judgment is appropriate. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La.1991). As set forth in La.Code Civ.P. art. 966(A), a plaintiff or a defendant in the principal or any incidental action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief which has been prayed for. Further, the mover is entitled to judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B); Durrosseau v. Century 21 Flavin Realty, Inc., 594 So.2d 1036 (La.App. 3d Cir.1992). Because the burden of establishing that no material factual issue exists is on the mover, inferences to be drawn from the underlying facts contained in the record must be viewed in the light most favorable to the party opposing the motion. Schroeder, supra. If the supporting documents presented by the mover are not sufficient to resolve all material fact issues, summary judgment must be denied. Durrosseau, supra. Only if the supporting documents of the mover are sufficient does that burden shift to the opposing party to present evidence that material facts are still at issue. At this point, the opposing party may no longer rest on the allegations and denials contained in his pleadings and must present evidence of a material fact issue. Id. Any doubt is resolved against the granting of the summary judgment and in favor of a trial on the merits to resolve disputed facts. Chaisson v. Domingue, 372 So.2d 1225 (La. 1979). Summary judgment is seldom appropriate when there is a question relating to subjective facts such as intent, knowledge, motive, malice or good faith. Durrosseau, supra; Penalber v. Blount, 550 So.2d 577 (La.1989).

Owner-Lessor Liability
Wallace argues that La.R.S. 9:3221 does not preclude a lessor's liability where the lessor either knew or should have known of the defective premises or, in the alternative, that La.Civ.Code art. 2004 precludes such agreements between the owner-lessor and the employer-lessee.
Under La.Civ.Code arts. 2317, 2322 and 2695, the owner-lessor is generally liable for the condition of the leased premises. However, the legislature provided an exception to the owner-lessor liability in cases where the lessee of the premises assumes the responsibility by the contract of lease. That exception to owner-lessor liability is embodied in La.R.S. 9:3221. In order for the owner-lessor of immovable property to rely on this exception to liability, the lessee must assume responsibility for the condition of the premises under the contract of lease, the injury must occur either to the lessee or anyone on the premises with the permission of the lessee, and the owner must not know nor should have known of the defect. Roberts v. Orpheum Corp., 610 So.2d 1097 (La. App. 4th Cir.1992), writ denied, 616 So.2d 682 (La.1993).
*628 Undoubtedly, La.R.S. 9:3221 was designed to relieve the owner-lessor of some of the burdens imposed on him by law in cases where he has given dominion and control of his premises to a tenant under lease. Gilliam v. Lumbermens Mutual Casualty Co., 240 La. 697, 124 So.2d 913 (1960). Gilliam, supra, further provides that the Title 9 provision permits the owner to transfer his legal liability by contract to his lessee insofar as it pertains to injuries received by third persons who come on the property by license or invitation of the lessee.
There is no question that the lease agreement between Realty and Services included a provision whereby Services assumed responsibility for the condition of the leased premises. Wallace admits that she was on the premises as an employee. Wallace alleges that she had to cross the machine shop area of the building twice a day in order to punch the time clock. Wallace further alleges that she incurred her injuries while walking across the machine shop floor and that Hebert knew or should have known about the dangerous condition of the floor in that area. We agree.
As we stated above, summary judgment is rarely warranted where a subjective fact, such as knowledge, is involved. If Realty knew or should have known of the defect in the premises occupied by its lessee, Services, or had received notice of the defect and failed to remedy that defect within a reasonable time, then a La.R.S. 9:3221 clause in the lease offers no protection to the owner-lessor against tort liability grounded in negligence when someone is injured on the leased premises and can prove that knowledge. Roberts v. Orpheum Corp., supra. In Gilliam, supra, the supreme court stated that "the statute expressly limits his [the lessor's] contractual right to be absolved to those cases in which he was not aware of the defect causing the injury or was unable to know of it." Gilliam, 124 So.2d at 916.
In support of their motions for summary judgment, Realty and Services offered a copy of Wallace's original and first supplemental and amending petitions as well as the lease agreement containing the La.R.S. 9:3221 clause in paragraph VII as follows:
VII. INJURY AND LOSS
Lessee agrees to indemnify, defend and hold Lessor harmless from any loss, theft, or damage to property or injury to or death of Lessee or any person on or about the leased premises whether or not such are occasioned by the negligence of the Lessee, Lessee's agents or employees. In addition thereto, Lessee herein assumes full responsibility for the condition of the leased premises and Lessor shall have no responsibility for its condition and is not liable for injury and/or damage caused by any defect therein to the Lessee or anyone on the premises who derives their right to be thereon from the Lessee.
Realty and Services allege that Wallace's petitions do not allege that Realty had knowledge of the alleged defects. The lease document is certainly evidence of Services' assumption of the responsibility for the condition of the leased premises. Realty's knowledge of any defects in the premises, however, is not addressed.
In opposing the motions for summary judgment, Wallace offered the lease agreement as well as the depositions of Dan Spillers, the office manager of Mud Motors, one of the tenants in the building, and Dean Hebert, who is one of the three Magnolia Services partners which, in turn, is a partner of Realty with a 50% interest. In addition, Wallace offered the affidavit of Robert E. Arceneaux, which stated that he was personally told by the office of the Louisiana Secretary of State that Canco Realty is a Louisiana partnership composed of Canco Investors, a Louisiana partnership and Magnolia Services, also a Louisiana partnership composed of three partners, one of whom is Edwin Dean Hebert. The deposition of Hebert offered by Wallace reveals that he was aware of the dangerous condition of the building. The partnership agreement of Canco Realty reveals that one of the purposes of the Realty partnership was to build, manage and lease land and office buildings. The agreement further reveals that Magnolia Services had a 50% interest in Realty. Plaintiff argues that Hebert's knowledge of the dangerous conditions of the building and his status as a partner in Magnolia Services *629 which has a 50% interest in Realty demonstrate that Realty had knowledge as well. Further, Wallace argues that because Realty is responsible for constructing the building, it had actual knowledge of its design defects. We must view Wallace's affidavits and depositions in the light most favorable to her as the party opposing the motion. Durrosseau, supra.
A partner may be held liable for the acts of its partners and this liability is grounded in agency principles because "each partner acts both as principal and agent for the other as to acts done within the scope of the business and purpose of the partnership and for its benefit." McCaskill v. Welch, 463 So.2d 942 (La.App. 3d Cir.), writ denied, 466 So.2d 469 (La.1985). It follows that if the members of a partnership are liable for the torts of one of their members, surely knowledge of defective conditions of the premises leased by the partnership to a member of the partnership can be imputed to the partnership.
Whether Realty knew or should have known of the condition of the leased premises is a genuine issue of material fact which precludes summary judgment. The documents presented by the movers are not sufficient to resolve these material fact issues. Under the legal principles enunciated above, the trial judge erroneously granted summary judgment in favor of Realty and Services with respect to Realty's liability in negligence to Wallace.

Contra Bonos Mores
Wallace argues that La.Civ.Code art. 2004, which provides for nullity of clauses that, in advance, exclude or limit the liability of one party for the intentional or gross fault that causes damage and/or physical injury to the other party, makes the application of La.R.S. 9:3221 to her situation contra bonos mores.
In the present case, Realty and Services purport to allocate, between themselves, the risk of a potential premises defect strict liability claim brought by a third person when, through the mechanism of La.R.S. 9:3221 in the lease agreement between them, Realty delegated its duty as owner-lessor of the leased premises to Services and Services accepted that duty. This arrangement, at first glance, does not seem to offend the nullity provisions of La.Civ.Code art. 2004 because a limitation of liability between the parties to the contract is not involved. Instead, the risk of liability is allocated between the parties as to third persons. The intention of 2004 is to allow a party to a contract a remedy against the other party should the latter, through his fault, cause injury to the former. Absent the Civil Code provision of 2004, such contractual arrangements would leave the party, who contracted away rights to the other party, without a remedy. By virtue of La.Civ.Code art. 2004, to leave one party to the contract without remedy should the fault of the other cause the other party damages would be against public policy.
When the third party who is injured is an employee of the lessee who has contracted with a owner-lessor under a lease containing the exculpatory language of La.R.S. 9:3221, as in this case, the premises owner-lessor is free of the risk of strict liability claims brought by an employee. Also, because the workers' compensation laws provide the employer with immunity from tort suits filed by its employees, the employee is left without a remedy against the premises owner who may be truly at fault.
Furthermore, La.R.S. 23:1101 preserves the employee's right to pursue claims against third persons who are not expressly granted immunity under La.R.S. 23:1032. By allowing Realty, an owner-lessor of the premises, to take advantage of La.R.S. 9:3221 by delegating its duty to provide safe premises to Services, an employer-lessee, Realty is receiving indirectly the advantage of the statutory immunity of La.R.S. 23:1032 in violation of La.R.S. 23:1101. Such "back door" tactics to defeat tort liability cannot be countenanced.
Louisiana Revised Statute 9:3221 was not intended to eliminate a tort victim's action in strict liability against the owner of defective premises. The intent was merely to allow the owner-lessor to shift responsibility to the lessee. However, when the lessee is also an employer, the employer's immunity becomes part of the equation. It is unlikely the legislature *630 considered the result of combining the employer's immunity with the lessor's ability to delegate the responsibility for premises defects to the lessee when it enacted La.R.S. 9:3221 in 1932. The earliest indication of this issue being litigated was in Davis v. Copeland Enterprises, Inc., 390 So.2d 891 (La. 1980). Business practice near the time of enactment of La.R.S. 9:3221 was not such that this issue arose. Thus, it is unlikely that the legislature in 1932 envisioned the issue confronting us today.
The balance between the interests of labor and those of industry are seriously in question when the employer is motivated by economic benefit to lease a work premises as opposed to buying. When the employer secures this benefit, the employee normally receives the concomitant benefit of having a defendant to sue in strict liability if he or she is injured by a defect on the premises. In this case, Services and Realty gain the benefit of the lease agreement while denying Wallace, the employee, her right to bring a strict liability action against the owner-lessor of the defective premises. The workers' compensation statutory scheme is intended to balance the competing interests of employees and employers. We believe the benefits gained by Services and Realty too greatly slants that balance in favor of employers. It is more consistent with the workers' compensation framework to deny immunity to an owner-lessor or allow an injured worker to proceed against the employer.
We hold that when an employer deprives the employee of his or her strict liability action against the non-employer owner by use of La.R.S. 9:3221, the owner-lessor may not simultaneously shield itself with the immunity enjoyed by the employer-lessee. It remains liable to the injured employee for strict liability claims. The injured employee retains an independent cause of action against an owner-lessor who has attempted to transfer its delictual responsibility for premises defects to an employer-lessee. In other words, we are not allowing Services, an employer-lessee, to contractually extend its immunity to a owner-lessor unless Services assumes a responsibility similar to a owner-lessor.
If Realty as owner-lessor is allowed to delegate its strict liability responsibilities it owes to Wallace to an immune party, an employer-lessee, then the effects are to totally exclude liability to anyone and to shift the deleterious consequences to that segment of our population least able to afford it. Surely, the legislature did not contemplate such an unconscionable result. La.Civ.Code art. 2004 does not permit this. As Wallace's brief correctly points out, article 2004 is meant to convey the proposition that "[i]f one party to a contract may not exonerate himself of liability for physical injury to the other party to a contract, then these two parties certainly cannot by contract exonerate each other for physical injury to one not a party to the contract[.]"

Failure to Record the Lease
Because we have addressed the issues of Realty's liability to Wallace under both negligence and strict liability theories in favor of Wallace, it is not necessary to discuss her alternative theory that the purported assumption clause in the unrecorded lease between Realty and Services is ineffective as to a third party.

CONCLUSION
The judgment of the trial court is reversed and this case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
GUIDRY, C.J., concurs and assigns with reasons.
LABORDE, J., concurs in the result.
GUIDRY, Chief Judge, concurring.
I agree with the opinion author that the trial court erred in granting the motion for summary judgment dismissing plaintiffs' negligence action against Canco Realty since a genuine issue of fact exists concerning whether Canco knew or should have known of the premise defect which allegedly caused Claudia Wallace's injury. On the other hand, I disagree with the reversal of the trial court's judgment which dismissed plaintiffs' strict liability action against Canco Realty.
*631 In my view, La.R.S. 9:3221 shields Canco Realty from any strict liability action by employees of the employer-lessee (Canco Services). See Roberts v. Orpheum Corporation, 610 So.2d 1097 (La.App. 4th Cir.1992), writ denied, 616 So.2d 682 (La.1993); Stelly v. Overhead Door Co. of Baton Rouge, et al., 93-278 (La.App. 3rd Cir. 2/2/94), 631 So.2d 698, writ granted, 637 So.2d 1039, (La.1994). However, since the Louisiana Supreme Court has granted a writ of certiorari in Stelly, supra, presumably to consider this precise issue; since the entire panel agrees to a reversal of the trial court on the negligence issue and a remand for consideration thereof; and, in the interest of judicial economy, I concur in the remand of this matter on both issues.
NOTES
[1] § 3221. Assumption of responsibility by lessee; liability of owner

The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
[2] Art. 2004. Clause that excludes or limits liability

Any clause is null that, in advance, excludes or limits the liability of one party for intentional or gross fault that causes damage to the other party.
Any clause is null that, in advance, excludes or limits the liability of one party for causing physical injury to the other party.
[3] Canco Realty's brief adds the phrase, "the failure to take precautions to minimize the risk prevented by the slippery condition of the machine shop floor" just before the parenthetical remarks. The quoted paragraph is taken from the record.