United States Court of Appeals,

Fifth Circuit.

No. 94-41244.

Jerry B. HODGEN;  Bobby Sue Hodgen, Plaintiffs,

v.

FOREST OIL CORPORATION, et al., Defendants,

FOREST OIL CORPORATION;  Ronald J. Doucet, Defendants-Third Party Plaintiffs-Intervenor Defendants-Cross Claim Plaintiffs-Appellants-Cross-Appellees,

Forest Oil Corporation, in its capacity as platform owner;  Ronald J. Doucet, Defendants-Third Party Plaintiffs-Intervenor Defendants-Cross Claim Plaintiffs-Appellants-Cross Appellees,

v.

A & A BOATS INC.;  C & G Marine Service Inc., Defendants-Third Party Plaintiffs-Intervenor Defendants-Cross Claim Defendants-Appellees-Cross Appellants,

v.

OPERATORS & CONSULTING SERVICES INC., Third Party Defendant-Cross Claim Defendant-Appellee,

Chancellor Insurance Company;  Yorkshire Insurance Company Limited;  Cornhill Insurance PLC;  Allianz International Insurance Company Limited;  Ocean Marine Insurance Company Limited, Third Party Defendants-Appellees,

ALBANY INSURANCE CO., Third Party Defendant-Third Party Plaintiff-Appellant,

v.

AETNA CASUALTY & SURETY CO., Intervenor Plaintiff-Third Party Defendant-Appellee.

June 25, 1997.

Appeals from the United States District Court for the Western District of Louisiana.

Before POLITZ, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

1

PATRICK E. HIGGINBOTHAM, Circuit Judge:

In a prior opinion, this panel affirmed the district court's judgment in part and certified remaining issues to the Louisiana Supreme Court. *See Hodgen v. Forest Oil Corp.,* 87 F.3d 1512 (5th Cir.1996). The Louisiana Supreme Court declined certification. The parties subsequently settled all but one of the certified issues. We now decide this last issue and hold that the Louisiana Oilfield Indemnity Act of 1981 ("LOIA"), La.Rev.Stat. Ann. § 9:2780, prevents an oil company from receiving indemnification for its defense costs as a platform owner if it commits negligence as time charterer of a vessel.

## I.

We briefly recite the relevant facts, which are set out in full in our earlier opinion. Forest Oil contracted with Operators and Consulting Services ("OCS") for work on an off-shore oil platform. The contract provided that OCS would indemnify Forest "from and against any and all claims, demands, judgments, defense costs, or suits ... by ... any employees ... of Contractor," even if Forest was at fault. Jerry Hodgen, an OCS employee, suffered a spinal injury when he attempted a swing-rope transfer in rough seas from a platform owned by Forest to a vessel that Forest chartered on a non-demise basis. The district court found that Hodgen's suit stated claims against Forest both in its capacity as platform owner and in its capacity as time charterer of the vessel. The court found Forest negligent in its capacity as time charterer but faultless in its capacity as platform owner.

Forest subsequently filed a third-party complaint against OCS and a group of five underwriters. Invoking the broad indemnification clause in the Master Service Agreement, Forest demanded that OCS and five underwriters pay the costs incurred in its defense in its capacity as platform owner.

The district court, however, found that Louisiana law prevents enforcement of the indemnity clause because Forest was at fault in its capacity as time charterer. "Regardless of whether Forest can be at fault in two different capacities for the purposes of plaintiff's tort claims against it," the court reasoned, "the fact remains that Forest is one entity, and the Court has made a judicial determination that this one entity was at fault in causing plaintiff's injuries." *Hodgen v. Forest Oil Corp.,* 862 F.Supp. 1567, 1571 (W.D.La.1994), *aff'd in part,* 87 F.3d 1512 (5th Cir.1996).

## II.

Louisiana protects oilfield contractors from oil companies who press for master service contracts requiring contractors to provide indemnification even when the oil company is at fault. Under the LOIA, such indemnification agreements are void "to the extent that they purport to require indemnification and/or defense where there is negligence or fault on the part of the indemnitee." *Meloy v. Conoco, Inc.,* 504 So.2d 833, 838 (La.1987).[1] The

---

[1]The relevant portions of § 2780 read as follows:

> A. The legislature finds that an inequity is foisted on certain contractors and their employees by the defense or indemnity provisions, either or both, contained in

3

legislation "arose out of a concern about the unequal bargaining power of oil companies and contractors and was an attempt to avoid adhesionary contracts under which contractors would have no choice but to agree to indemnify the oil company, lest they risk losing the contract." *Fontenot v. Chevron U.S.A., Inc.,* 676 So.2d 557, 563 (La.1996).

But "[a]n agreement providing for cost of defense in the event of a meritless suit against the indemnitee is outside the scope of the Act." *Meloy,* 504 So.2d at 839.  Forest argues that because the district court found that Hodgen's suit against it in its capacity as platform owner did not have merit, it should be able to collect the costs of defending itself in that capacity.

some agreements pertaining to wells for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, to the extent those provisions apply to death or bodily injury to persons. It is the intent of the legislature by this Section to declare null and void and against public policy of the state of Louisiana any provision in any agreement which requires defense and/or indemnification, for death or bodily injury to persons, where there is negligence or fault (strict liability) on the part of the indemnitee, or an agent or employee of the indemnitee, or an independent contractor who is directly responsible to the indemnitee.

B. Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, is void and unenforceable to the extent that it purports to or does provide for defense or indemnity, or either, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee, or an agent, employee, or an independent contractor who is directly responsible to the indemnitee.

4

The insurers, on the other hand, urge us to deny indemnification for Forest's defense costs as platform owner because Forest was found negligent in its capacity as time charterer.

Entities in oil exploration often wear several hats, and the law reflects the different capacities in which a company operates when assigning rights and responsibilities attending these capacities. In this case, Hodgen's suit against Forest sounded in two different bodies of law. The Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1301-56, dictated which law would apply to Hodgen's claims. As against Forest in its capacity as platform owner, Hodgen proceeded under 43 U.S.C. § 1333(a)(2)(A), which incorporates state negligence principles. As against Forest in its capacity as time charterer, Hodgen proceeded under the Longshore Workers' Compensation Act, 33 U.S.C. §§ 902(21), 905(b-c), made available by 43 U.S.C. § 1333(b).

The LOIA, however, does not speak in terms of an oil company's capacities, it speaks in terms of contracting entities, the oil contractor and the indemnitee. Louisiana strives to protect contractors from oil companies that want contractors to bear the risks that accompany their own negligence. The language of the statute, as the Louisiana courts have noted, gives it "the broadest possible meaning," and "does not draw distinctions based on the net worth or ownership of the contracting parties or the type of contract involved." *Daigle v. United States Fidelity & Guaranty Ins. Co.,* 610 So.2d 883, 887 (La.App. 1st Cir.1992); *see also St. Amant v. Glesby-Marks Corp.,* 532 So.2d 963, 964 (La.App. 5th

Cir.1988).

The strength with which Louisiana applies the LOIA to protect contractors from indemnification was demonstrated in *Meloy.* The Louisiana Supreme Court found that the Act only allowed indemnification if the suit against the oil company was meritless. Any fault by the oil company would render the contractual indemnification provision null and void. Therefore, the supreme court held that the LOIA prevented an oil company sued by a contractor's employee from collecting a contribution from the contractor even if the contractor was concurrently negligent. *Meloy,* 504 So.2d at 838.

As *Meloy* made clear, a suit must be absolutely meritless for an indemnification provision to survive. An oil company found one percent at fault may not bring a claim against the contractor for defense costs or damages even if the contractor was at fault. In this case Forest was found 85% responsible for the accident, which fault happened to be in its capacity as time charterer of the vessel. It bears noting that Forest's liability as platform owner and as time charterer both arose from the same incident. Hodgen was injured while completing a swing rope transfer, and Forest's negligence was found to be a cause of that accident.

In light of the protection that *Meloy* gives to contractors, we find it unlikely that the Louisiana Supreme Court would allow a company found 85% at fault to collect any of its defense costs, even those incurred in defending a legal theory under which it was

found not liable.[2]  We therefore find that the LOIA precludes Forest from collecting defense costs incurred in its capacity as platform owner.

### III.

For the foregoing reasons, the portion of the district court's judgment denying Forest Oil indemnification for its defense costs as platform owner is AFFIRMED.

JERRY E. SMITH, Circuit Judge, dissenting:

I respectfully dissent.  It is disappointing that the Louisiana Supreme Court declined to entertain the certification, as that court is in the best position to construe the statute at hand. This is a close question, and the majority engages in quite a respectable analysis, reaching a result that is not unreasonable.

The majority correctly observes that companies engaged in offshore oil exploration operate in different capacities that are governed by wholly different bodies of law.  I would treat the different capacities as separate and distinct entities under the Oilfield Indemnity Act, as the purposes of the act are not served by denying indemnification for Forest Oil's defense costs incurred in its capacity as platform owner, a capacity in which it is

---

[2]Some lower courts in Louisiana have rejected such "dual capacity" arguments in the context of worker's compensation. *See White v. Naquin,* 500 So.2d 436 (La.App. 1st Cir.1986)(disallowing indemnification by a school board in its capacity as custodian where the worker's compensation laws disallowed suits against a school board as an employer); *Deagracias v. Chandler,* 551 So.2d 25 (La.App. 4th Cir.1989)(disallowing a suit against an employer in its capacity as the manufacturer of the instrumentality by which the employee was injured where employer was not liable under the worker's compensation laws).

indisputably free from fault.