594 So.2d 1036 (1992)
Ray DURROSSEAU, Plaintiff-Appellant,
v.
CENTURY 21 FLAVIN REALTY, INC., Defendant-Appellee.
No. 90-789.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
Donald McKnight, Lake Charles, for plaintiff-appellant.
*1037 Tynes, Fraser, Roach & Morris, Randall E. Roach, Lake Charles, for defendant-appellee.
Before GUIDRY, FORET and LABORDE, JJ.
GUIDRY, Judge.
This is an appeal from a summary judgment in favor of defendant, Century 21 Flavin Realty, Inc. (Flavin).
Plaintiff, Ray Durrosseau, entered into a management agreement with defendant, Flavin, in which the latter agreed to manage a house owned by plaintiff, located at 1700 8th Avenue in Lake Charles, for the purpose of leasing it. Flavin acted as the leasing agent for the property. The agreement was entered into on March 2, 1982.
Pursuant to the aforementioned agreement, Flavin leased the property to John Cochran on April 1, 1987. Cochran moved into the house on April 7, 1987. He paid rent for the first two months but failed to do so for June. Flavin instituted eviction proceedings against Cochran on June 11, 1987. Soon thereafter, Durrosseau apparently discovered that Cochran had done a substantial amount of damage to his property. On June 29, 1987, Durrosseau terminated the management agreement and proceeded to evict Cochran.
On July 31, 1987, plaintiff instituted this suit against Flavin, alleging that defendant had "improperly and/or inadequately managed the property, rented the property to improper or unsuitable tenants, failed to properly inspect the property while rented, allowed third persons to remain in the house and on the property, and failed to notify the owner of the property of the damages occurring and the identities of the persons living on the property ...".
Defendant answered the petition by generally denying all allegations and filed a motion for summary judgment on January 29, 1988. In support of its motion, Flavin relied solely upon a provision of the contract which it apparently urged exonerated it from liability. The contractual provision relied upon by defendant provides as follows:
"Manager shall have full authority to manage, operate, rent, and lease Owner's property as described: Manager shall exert his or her best efforts to keep the property leased to suitable tenants, implement advertising programs, and manage the property prudently so as to protect Owner and collect rents and other income due from the property. Manager shall not be responsible to Owner for any failure to rent the property or collect the rent, or for any loss to Owner or damages to the property." (Emphasis ours)
The motion for summary judgment was supported by an affidavit of Gary Flavin, the supervisor of all rental properties managed by Flavin, which simply recited the facts previously mentioned in this opinion and quotes the above recital from the agreement.
Plaintiff filed a counter affidavit which states that defendant "did not prudently manage the property and leased the said property to unsuitable tenants". Although the record does not reflect any disposition of this motion for summary judgment, the motion was apparently denied by the trial court since a second motion for summary judgment was filed by defendant on March 2, 1990.[1]
In support of this second motion for summary judgment, defendant filed a second affidavit of Gary Flavin. The affidavit quotes the above contract provision and further states the following facts:
"Century 21 Flavin Realty, Inc. leased the premises on or about April 1, 1987 to John Cochran at an agreed upon rental rate of $300.00 per month. Tenant moved into the apartment on April 7, 1987 and paid rent for that month and the month of May. Eviction proceedings *1038 were commenced by Century 21 Flavin Realty, Inc. on June 11, 1987 after notifying the tenants that they had failed to pay the rent. On or about June 29, 1987, Ray Durrosseau and Century 21 Flavin Realty, Inc. terminated the management agreement and Mr. Durrosseau proceeded to evict the tenants from the premises."
No other facts were sworn to by Flavin in the affidavit. Apparently, defendant relied upon the second sentence of the contract provision in asserting that there was no genuine issue of material fact as to whether it could be held liable for damages caused by the tenants.
Durrosseau filed no affidavit in response to Flavin's second motion for summary judgment. In his memorandum in opposition, plaintiff once again asserted that Flavin, as agent for Durrosseau, breached its duty under the agreement to give its best efforts to lease the property to suitable tenants and to prudently manage the property. The court granted the summary judgment and plaintiff appealed.
It is well settled that summary judgment is to be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law". La.C.C.P. art. 966(B).
The party moving for summary judgment has the burden of showing the absence of a genuine issue as to any material fact. Where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Burke v. Occidental Life Insurance Company of California, 427 So.2d 1165 (La.1983); Mashburn v. Collin, 355 So.2d 879 (La. 1977). The court must first determine whether the supporting documents presented by mover are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does that burden shift to the opposing party to present evidence that material facts are still at issue, and only at this point may he no longer rest on the allegations and denials contained in his pleadings. Chargois v. Trip-L-Quik, 441 So.2d 45 (La.App. 3rd Cir.1983).
To satisfy his burden, the mover must meet a strict standard by a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. In evaluating the proof presented, the court must closely scrutinize the papers supporting the mover's position. The opposing papers are to be indulgently treated. Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981).
Only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Thornhill v. Black, Sivalls, and Bryson, Inc., 394 So.2d 1189 (La.1981); Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
The record in this case reveals that Flavin relied on no facts other than those contained in the affidavit of Gary Flavin in order to support its motion for summary judgment. The facts contained in the affidavit are clearly not in dispute since they are also contained in Durrosseau's petition and exhibits attached thereto. Flavin presented no proof whatever to refute the plaintiff's allegations of imprudent management by Flavin and its leasing to unsuitable tenants. Under the terms of the agreement, although Flavin is not responsible for any damage to the property, this does not mean that it cannot be held independently liable for damages which may have resulted from a breach of its contractual duty to exert its best efforts to lease to suitable tenants and prudently manage the property.
Summary judgment is seldom appropriate when there is a question of what *1039 was intended by certain provisions of a contract. Chargois, supra, at 47-48. Whether Flavin acted imprudently in managing the property and knowingly leased the property to unsuitable tenants are genuine issues of material fact which preclude summary judgment. The documents presented by defendant mover are not sufficient to resolve these material fact issues. Under the legal principles cited above, the trial court erroneously granted summary judgment in favor of defendant.
For the above and foregoing reasons, the judgment of the trial court is reversed and set aside and this matter is remanded to the trial court for further proceedings consistent with the views expressed. All costs of this appeal are assessed to Century 21 Flavin Realty, Inc. Assessment of costs at the trial level is to await a final disposition of this matter.
REVERSED AND REMANDED.
NOTES
[1] In brief to this court, Flavin explains that the trial court found the contractual clause to be enforceable, but it left open the question of Flavin's independent negligence in leasing the property and, thus, contributing to the acts which led to the damage complained of. Although this explanation may be entirely accurate, it is not reflected in the record.