643 So.2d 484 (1994)
Charles WRIGHT, et al., Plaintiffs-Appellants,
v.
OTIS ENGINEERING CORP., et al., Defendants-Appellees.
No. 94-257.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
*485 Lawrence N. Curtis, Lafayette, for Charles Wright, et al.
Patrick A. Juneau Jr., Lafayette, for Otis Engineering Corp., et al.
Before LABORDE, KNOLL and THIBODEAUX, JJ.
THIBODEAUX, Judge.
Plaintiffs-appellants, Charles D. Wright, Linda D. Wright and Amanda K. Wright, collectively "the Wrights," appeal the judgment of the trial court granting summary judgment in favor of Mr. Wright's employer, Otis Engineering Corporation, and his co-employee, Charles Stoute, and dismissing their intentional tort action against these defendants for injuries they allegedly sustained as a result of emotional distress intentionally inflicted upon Wright by Stoute.
The trial court reasoned that the Wrights' remedy was limited to workers' compensation because there was no material issue regarding Stoute's intent nor was a material factual issue presented on whether his conduct was extreme and outrageous.
For the following reasons, we reverse the judgment of the trial court and remand the case for trial.

ISSUE
The sole issue is whether summary judgment is appropriate under the facts of this case when the outcome depends on proof of subjective facts such as intent and knowledge.

FACTS
The Wrights allege that Stoute, a division manager for Otis, engaged in a pattern of wild, uncontrollable conduct against Wright during a five year period from 1986-1991. The testimony revealed numerous instances of unjustified, profane-filled tirades by Stoute. Although these intemperate remarks were sometimes directed to many of his subordinates, Wright seemed to be Stoute's favorite target. It progressed to the point where Stoute asked Wright, "Why don't you just fucking quit?"
It is alleged that these vituperative outbursts were unrelated to any wrongdoing by Wright.
Mr. Wright developed severe depression, a fact well known to the employees at the Otis facility in New Iberia. After he failed to respond to medication, Wright went on medical leave and received electroconvulsive treatments for his depression. While recovering, Stoute informed Wright that he was going to demote him. When Wright had this decision vetoed by Otis's regional manager, Stoute again erupted with a vile and uncontrollable tirade.
When he returned to work, Wright again became the focus of Stoute's badgering conduct. The deposition testimony of one employee explains that Wright simply could not do anything right nor could he do anything to ingratiate himself to Stoute, regardless of the sincere efforts he made.
Indeed, much of the testimony portrays Stoute as a temperamental, uncontrollable, abrasive mad man whose verbal eruptions were mostly directed toward Wright.
Otis and Stoute moved for a summary judgment on the ground that the workers' compensation laws provide immunity to employers and co-employees from tort liability. In support of their motion for summary judgment, the defendants submitted the deposition *486 of Mr. Wright as well as a portion of Mr. Stoute's deposition. Mr. Wright submitted his own deposition and those of various Otis employees.

LAW AND DISCUSSION
Appellate court review summary judgments de novo under the same criteria that governs the trial judge's consideration of whether a summary judgment is appropriate. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La.1991). As set forth in La.Code Civ.P. art. 966(A), a plaintiff or a defendant in the principal or any incidental action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which has been prayed. Further, the mover is entitled to judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B); Durrosseau v. Century 21 Flavin Realty, Inc., 594 So.2d 1036 (La.App. 3d Cir.1992). Because the burden of establishing that no material factual issue exists is on the mover, inferences to be drawn from the underlying facts contained in the record must be viewed in the light most favorable to the party opposing the motion. Schroeder, supra. If the supporting documents presented by the mover are not sufficient to resolve all material fact issues, summary judgment must be denied. Durrosseau, supra. Only if the supporting documents of the mover are sufficient does that burden shift to the opposing party to present evidence that material facts are still at issue. At this point, the opposing party may no longer rest on the allegations and denials contained in his pleadings and must present evidence of a material fact issue. Id. Any doubt is resolved against the granting of the summary judgment and in favor of a trial on the merits to resolve disputed facts. Chaisson v. Domingue, 372 So.2d 1225 (La. 1979). Summary judgment is seldom appropriate when there is a question relating to subjective facts such as intent, knowledge, motive, malice or good faith. (Emphasis added). Durrosseau, supra; Penalber v. Blount, 550 So.2d 577 (La.1989).
La.R.S. 23:1032 is the basis for the often cited "intentional acts" exception to the exclusive remedy provision of our workers' compensation laws. Bazley v. Tortorich, 397 So.2d 475 (La.1981) announced the rule that intent, under La.R.S. 23:1032, means that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did. It stated:
Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result. Restatement (Second) of Torts, § 8A, Comment; Prosser, supra, § 8.
Id. at 482.
Referring to one of the sources used by the supreme court in Bazley, Prosser, supra, we find that the difference between "mere knowledge" and "substantial certainty" is crucial in these cases. For example:
... mere knowledge and appreciation of a risk, short of substantial certainty, is not the equivalent of intent. The defendant who acts in the belief or consciousness that he is causing an appreciable risk of harm to another may be negligent, and if the risk is great his conduct may be characterized as reckless or wanton; but it is not classed as an intentional wrong. In such cases the distinction between intent and negligence obviously is a matter of degree. Apparently the line has been drawn by the courts at the point where the known danger ceased to be only a foreseeable risk which a reasonable man would avoid, and becomes a substantial certainty.
Prosser, supra.
An illustration of the Bazley rule is found in Williams v. Ingredient Technology Corp., 470 So.2d 283 (La.App. 5th Cir.1985) which, referring to a Bazley source, quoted the following:
The man who fires a bullet into a dense crowd may fervently pray that he will hit *487 no one, but since he must believe and know that he cannot avoid doing so, he intends it. The practical application of this principle has meant that where a reasonable man in the defendant's position would believe that a particular result was substantially certain to follow, he will be dealt with by the jury, or even by the court, as though he intended it.
Id. 470 So.2d at 285.
Applying this definition of intent, the issue becomes: would a reasonable person in Mr. Stoute's position be substantially certain that his acts over a five year periodi.e., yelling and using profane language directed at Mr. Wright, on an almost daily basis throughout the day as well as shaking his head and refusing to look at Mr. Wright when Mr. Wright spoke at the daily morning sales meetings, and finding fault with every decision or request made by Mr. Wright as well as threatening Mr. Wright with the loss of his employment and/or position in the companywould result in Mr. Wright suffering emotional distress where it was common knowledge that Mr. Wright was diagnosed with, out on medical leave for, and endured electric shock treatment for clinical depression? See also, Wilson v. Advance Paper Co., Inc., 612 So.2d 938, 941 (La.App. 4th Cir.1993).
Outrageous conduct is a nebulous concept, as it does not refer to any specific type of conduct and that it may even refer to a pattern of conduct. Bustamento v. Tucker, 607 So.2d 532, 538, n. 6 (La.1992). Bustamento further teaches that a cause of action for intentional infliction of emotional distress in a workplace environment can result from repetitive offensive conduct which would not likely cause serious damage as an isolated incident. Thus, relatively mild harassment may become tortious if continued over a substantial time period. Id. at 538. Moreover, Mr. Stoute's knowledge that Mr. Wright suffered from serious depression and was hospitalized and treated for that depression is one fact to be considered in judging Mr. Stoute's conduct. White v. Monsanto, Co., 585 So.2d 1205, 1210 (La.1991).
Since the distinction between knowledge and intent is a matter of degree, we find there are not enough facts before the court to permit the disposition of this case by summary judgment. Williams, supra.
The Wrights' petition alleges that Mr. Stoute had full knowledge of Mr. Wright's deteriorating mental condition, his hospitalization, and electric shock treatment for depression yet, upon Mr. Wright's return to work, Mr. Stoute continued to direct his loud, profanity-filled tirades against Mr. Wright on a daily basis, often threatening Mr. Wright's employment and position in the company. Here the answer and depositions do not resolve the material issue of whether or not Mr. Stoute was substantially certain that a risk of harm would follow from his inappropriate conduct, especially given his awareness of Wright's psychological problems. Where the actor has knowledge of another's particular susceptibility to emotional distress, the actor's conduct should not be judged in the light of the effect such conduct would have on a person of ordinary sensibilities. Therefore, Mr. Stoute's intent is seriously called into question. White, supra. Louisiana Code of Civil Procedure Article 2164 permits this court to render any judgment which is just, legal, and proper upon the record on appeal. Thus, although the Wrights merely questioned the trial court's finding that Mr. Stoute's conduct was not extreme and outrageous, Mr. Stoute's knowledge of Mr. Wright's mental condition is not only important to the determination of whether Mr. Stoute's conduct was extreme and outrageous but also whether he possessed the requisite intent as outlined in the White case.
As stated above, the evidence in the record also does not address the question of whether Mr. Stoute's conduct is extreme and outrageous, given his possible knowledge of Mr. Wright's mental condition. These issues should be resolved at a trial on the merits. The likelihood that a party will be unable to prove his/her allegations upon trial on the merits does not constitute a basis for rendering summary judgment. Hopkins v. Sovereign Fire & Casualty Insurance Co., 626 So.2d 880 (La.App. 3d Cir.1993); King v. *488 Strohe, 602 So.2d 219 (La.App. 3d Cir.), writ denied, 607 So.2d 558 (La.1992).
Accordingly, the judgment of the trial court is reversed and set aside and the case remanded to the trial court for further proceedings. The defendants shall pay all costs of the appeal.
REVERSED AND REMANDED.