JiPER CURIAM.
Henry A. Bernard, Jr. seeks supervisory writs from a judgment of the trial court which denied his motion for summary judgment filed in response to his ex-wife’s, George Ann Sanchez Bernard’s, (Sanchez) petition for nullity of judgment as to the parties’ divorce. We reviewed this application under our supervisory jurisdiction. See Louviere v. Byers, 526 So.2d 1253 (La.App. 3d Cir.), writ denied, 528 So.2d 153 (1988).
I.

FACTS

Sanchez, respondent, executed a waiver of citation and acceptance of service of a peti *511 tion for divorce under La.Civ.Code art. 102 on January 10, 1991. She was not given a copy of the petition for divorce at that time. The next day, on January 11, 1991, Bernard filed his original petition for divorce with the clerk of court. Thereafter, on July 15, 1991, Bernard filed a motion for a hearing on a rule to |2show cause as to the petition for divorce. The motion for the rule to show cause was served properly upon Sanchez and the show cause hearing was held on July 19, 1991. A judgment of divorce was entered on that day. Both parties were present.
On August 20, 1993, the parties entered into a community property settlement and both acknowledged the July 19,1991 divorce.
Three years after the judgment of divorce, on or about March 17,1994, Sanchez filed an action for nullity of the parties’ judgment of divorce contending that the acceptance of service and waiver of citation she executed prior to the filing of the petition for divorce was invalid because it did not comply with the provisions of La.Code Civ.P. art. 3957.
Relator-Bemard’s motion for summary judgment in response to the petition for nullity of judgment action was denied by the trial court. This application for supervisory writs followed.
II.

LAW AND DISCUSSION

Sanchez’s sole contention in support of her petition for nullity is that the waiver of citation and service attached to the petition for divorce was executed prior to the filing of the petition and, therefore, the judgment of divorce is absolutely null because the divorce lacks the formalities required by La.Code Civ.P. art. 3957.
La.Code Civ.P. art. 3957, enacted by Act 1991, No. 367, § 6 states in pertinent part:
A. A party in a divorce action under Civil Code Article 102 may expressly waive service of the petition and accompanying notice by any written waiver executed after the filing of the petition and made part of the record.
l3Relator correctly points out that La.Code Civ.P. art. 3957 was not in effect either at the time the petition for divorce was filed or at the time that the judgment of divorce was rendered. He contends that the waiver of service and citation executed by respondent satisfied the requirements of La.Code Civ.P. art. 1201, which was the applicable law in effect at the time of the service.
La.Code Civ.P. art. 1201 stated, in both January and July of 1991:
Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null.
The defendant may expressly waive citation and service thereof by any written waiver made part of the record.
III.

LAW AND DISCUSSION

Appellate courts review summary judgments de novo under the same criteria that govern the trial judge’s consideration of whether a summary judgment is appropriate. Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342 (La.1991). As set forth in La.Code Civ.P. art. 966(A), a plaintiff or a defendant in the principal or any incidental action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which has been prayed. Further, the mover is entitled to judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B); Durrosseau v. Century 21 Flavin Realty, Inc., 594 So.2d 1036 (La.App. 3d Cir.1992). Because the burden of establishing that no material factual issue exists is on the mover, inferences to be drawn from the underlying facts contained in the record must be viewed in the light Umost favorable to the party opposing the motion. Schroeder, supra. If the supporting documents presented by the mover are not sufficient to resolve all material fact issues, summary judgment must be denied. Durrosseau, supra. Only if the supporting documents of the mover are sufficient does *512 that burden shift to the opposing party to present evidence that material facts are still at issue. At this point, the opposing party may no longer rest on the allegations and denials contained in his pleadings and must present evidence of a material fact issue. Id.
In support of his motion for summary judgment Bernard executed a sworn affidavit stating that:
GEORGE ANN SANCHEZ was personally present at the hearing date and appeared and participated in the hearing leading to the divorce rendered under docket number 72113.
In addition, Bernard attached to his affidavit a copy of the minute entries of the 16th Judicial District which demonstrated that Ms. Sanchez was present at the July 19,1991 hearing which resulted in the judgment of divorce.
In opposition to the motion for summary judgment, Sanchez filed an affidavit which stated that during the afternoon/evening on January 10, 1991, Bernard brought an original petition of divorce for her to sign. She attested that she signed the bottom of the petition which read “SERVICE ACCEPTED, CITATION WAIVED, AND ALL LEGAL RIGHTS ARE RESERVED, THIS _ DAY OF JANUARY, 1991.” She continued by stating that she did not receive a copy of the petition at the time she signed the waiver, nor did she receive a certified copy of the petition for divorce after it was filed. She continues by stating that “she received no other court documents until she was served with the “Motion for Judgment of Divorce” on July 16, 1991.
I sit is undisputed that Sanchez signed an undated waiver of service and citation prior to the filing of the petition for divorce. It is also undisputed that Sanchez participated in the hearing on the rule to show cause which resulted in the granting of relator’s petition for divorce.
La.R.S. 13:3471, regarding the supplementary rules of service of process, (the law in effect today and at the time of the waiver) states:
(4) An acceptance of service shall be dated, and if no date is shown thereon, the acceptance takes effect from the date of its filing in court. No acceptance of service shall affect the delays allowed by law or by the local rules of court.
Interpreting La.Code Civ.P. art. 1201 and La.R.S. 13:3471 together, the undated acceptance of service executed by respondent on January 10, 1991, would take effect on January 11, 1991, which is the date of filing of the original petition. The trial court erred in failing to apply La.R.S. 13:3471 to the facts before it.
Even assuming, arguendo, that Sanchez was not served properly with the petition for divorce, the issue then becomes whether she has entered a general appearance under La.Code Civ.P. art. 2002 or whether she voluntarily acquiesced in the judgment pursuant to La.Code Civ.P. art. 2003. If the relator has carried his burden of showing undisputed facts supporting either of these factual scenarios, he is entitled to summary judgment, dismissing respondent’s petition for nullity of judgment, as a matter of law.
Under La.Code Civ.P. art. 2002, an action for nullity of judgment may be brought at any time and the judgment annulled if it is rendered:
“(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance,....”
| gLa.Code Civ.P. art. 7 defines a general appearance as follows:
A Except as otherwise provided in this Article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
(3) Security for costs;
(4) Dissolution of an attachment issued on the ground of the nonresidence of the defendant; or
*513 (5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant.
It is undisputed that respondent Sanchez was present at the hearing on the rule to show cause which resulted in the judgment of divorce between the parties. The mere presence in court, without more, does not constitute a general appearance for purposes of La.Code Civ.P. art. 2002. A general appearance means the filing of a pleading or some other entry into the case. See Thibodeaux v. Thibodeaux, 355 So.2d 275 (La.App. 4th Cir.1978); Rawls v. Damare, 377 So.2d 1376 (La.App. 4th Cir.1979), writ denied, 380 So.2d 72 (La.1980). However, the signing of the waiver of process and acceptance of service by Sanchez, even if arguably insufficient as a proper waiver of service and citation under La.Code Civ.P. art. 3957, was sufficient to constitute a general appearance under La.Code Civ.P. art. 2002. See Succession of Bickhan, 518 So.2d 482 (La.1988) (widow, by signing document entitled “waiver, entry of appearance and answer” entered her appearance, participated in the proceedings and may not collaterally attack the divorce decree).
Finally, La.Code Civ.P. art. 2003, regarding the loss of an action for nullity through acquiescence, states:
17A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.
Sanchez’s conduct, in appearing at the trial on the rule to show cause on the petition for divorce and failing to enter any objection or exception together with her consummation of a community property agreement which incorporates and acknowledged the judgment of divorce, constitutes acquiescence for purposes of La.Code Civ.P. art. 2003. See Pes-chier v. Peschier, 419 So.2d 923, 928 (La. 1982).
As stated by the Louisiana Supreme Court in Wilson v. Calvin, 221 La. 451, 59 So.2d 451, 453 (1952):
There is a strong public policy against disturbing or declaring invalid a judgment of divorce, especially after a long period of time where the marital status of innocent parties who relied on the validity of that judgment would be disturbed, and more particularly where a decree would render innocent parties guilty of bigamy and east a cloud on the legitimacy of their children.
IV.

CONCLUSION

Based upon the foregoing, we find that the trial court erred in finding that there remained material issues of genuine fact to be determined at trial.
The material facts are undisputed. The waiver was executed the date prior to the filing of the petition but was executed by respondent and did grant her relief, i.e., reserving all of her legal rights. Next, it is undisputed that she appeared at the July 19, 1991 rule to show cause hearing. She does not dispute that she participated in this hearing as set forth in relator’s affidavit in support of his motion for summary judgment. She cannot rely on her pleadings after relator has come forth, by affidavit, with facts based upon his personal knowledge. She acknowledged and |sacquiesced in the judgment of divorce as a party to the community property settlement executed between the parties.
These undisputed facts entitle relator to summary judgment as a matter of law.

DECREE

The trial court erred in denying relator’s motion for summary judgment; there remain no material issues of fact and mover is entitled to judgment as a matter of law.
IT IS ORDERED that respondent’s petition for nullity of judgment of divorce, docket no. 72113, in the Sixteenth Judicial District Court, Parish of Iberia, filed March 17,1994, be dismissed with prejudice at respondent’s costs.