692 So.2d 677 (1997)
Randy MARTIN, et ux., Plaintiffs-Appellants,
v.
CNA INSURANCE COMPANY, et al., Defendant-Appellee.
No. 96-1342.
Court of Appeal of Louisiana, Third Circuit.
April 2, 1997.
Writ Denied June 20, 1997.
Lawrence N. Curtis, Lafayette, for Randy and Sheila Martin.
Michael J. Breaux, for Dona Bordelon, et al.
Robert Michael Kallam, Lafayette, for Continental Casualty Company.
Before DECUIR, AMY and GREMILLION, JJ.
DECUIR, Judge.
This is an appeal by the plaintiffs, Randy and Sheila Martin, who are insured by defendant, CNA Insurance Company, from the trial court's grant of CNA's motion for summary judgment. The Martins sued CNA to recover on their uninsured/underinsured motorist (UM) coverage. The trial court concluded that the Martins had validly selected UM coverage in the amount of $20,000.00 rather than the equivalent of their bodily injury liability limit ($100,000.00). The trial court then dismissed their claim against CNA with prejudice. CNA had already paid $20,000.00 on the claim.
*678 The Martins appeal from that final judgment. We affirm.

ISSUE
The sole issue for review in this case is whether the district court erred in finding that the UM selection form supplied by CNA was sufficient to effect a "meaningful, clear and unambiguous" selection of lower UM limits.

LAW AND DISCUSSION
Appellate courts review summary judgments de novo under the same criteria that govern the trial judge's consideration of whether a summary judgment is appropriate. Thus, we give no deference to the trial court's decision. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La.1991).
As set forth in La.Code Civ.P. art. 966(A), a plaintiff or a defendant in the principal or any incidental action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which has been prayed. Further, the mover is entitled to judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B); Durrosseau v. Century 21 Flavin Realty, Inc., 594 So.2d 1036 (La.App. 3 Cir.1992).
Because the burden of establishing that no material factual issue exists is on the mover, inferences to be drawn from the underlying facts contained in the record must be viewed in the light most favorable to the party opposing the motion. Schroeder, 591 So.2d 342. If the supporting documents presented by the mover are not sufficient to resolve all material fact issues, summary judgment must be denied. Durrosseau, 594 So.2d 1036. Only if the supporting documents of the mover are sufficient does that burden shift to the opposing party to present evidence that material facts are still at issue. At this point, the opposing party may no longer rest on the allegations and denials contained in his pleadings and must present evidence of a material fact issue. Id. Any doubt is resolved against the granting of the summary judgment and in favor of a trial on the merits to resolve disputed facts. Chaisson v. Domingue, 372 So.2d 1225 (La.1979). Summary judgment is seldom appropriate when there is a question relating to subjective facts such as intent, knowledge, motive, malice or good faith. Durrosseau, 594 So.2d 1036; Penalber v. Blount, 550 So.2d 577 (La. 1989).
La.R.S. 22:1406 provides that uninsured motorist coverage exists in amounts not less than the limits of bodily injury liability unless an insured rejects the coverage in writing or selects lower limits. The statute is to be liberally construed and, therefore, statutory exceptions to the UM coverage requirements are interpreted strictly. Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La. 1992). The burden of proving that any named insured rejected, in writing, UM coverage equal to the bodily injury liability limits or selected lower limits is on the insurer. Id.
The Martins claim that the rejection form is ineffective because it does not provide the insured with the three options required by the Louisiana Supreme Court in Tugwell. The Tugwell court noted that:
[A] valid rejection or selection of lower limits must be in writing and signed by the named insured or his legal representative. (Citations omitted). Further, the insurer must place the insured in a position to make an informed rejection of UM coverage. In other words, the form used by the insurance company must give the applicant the opportunity to make a "meaningful selection" from his options provided by the statute: (1) UM coverage equal to bodily injury limits in the policy, (2) UM coverage lower than bodily injury limits in the policy, or (3) no UM coverage.
Id. at 197.
Because the statute automatically provides for UM coverage equal to the bodily injury liability limits, absent a rejection of UM coverage or selection of lower limits in writing, the customer possesses UM coverage as a matter of law. In other words, the policyholder does not have to do an affirmative act. The policyholder need not indicate *679 in any manner his/her choice for UM coverage equal to the bodily injury liability limits of the policy. If the Martins had done nothing on the form, UM coverage would have been automatically provided in an amount equal to the bodily injury liability coverage. Thus, although Tugwell and the statute provide for three options, only two of those options, the rejection of UM coverage and the selection of UM coverage with limits lower than the policy's bodily injury liability limits, require an affirmative act on the part of the policyholder. Holbrook v. Holliday, 93-1639 (La.App. 3 Cir. 6/1/94); 640 So.2d 804. La.R.S. 22:1406(D)(1)(a) does not require that an acceptance of UM coverage be in writing. Gordon v. Southern United Fire Ins. Co., 95-2388 (La.App. 4 Cir. 8/21/96), 679 So.2d 582. There is no need to do the vain and useless task of executing a written election for what is given by law. Id at 584. Likewise, there is no need for an insurer to provide a blank or box for acceptance of UM coverage. Longo v. Bercegeay, 96-1129, 96-1130 (La.App. 3 Cir. 3/5/97); 692 So.2d 531; Daigle v. Authement, 95-1465 (La.App. 1 Cir. 5/31/96); 676 So.2d 650, writ granted, 96-1662 (La.11/15/96); 682 So.2d 746.
The Martins suggest that our decision in Holbrook, 640 So.2d 804, resolves the issue before us. In Holbrook we found that language in State Farm's UM election form which referred to an insured's right to UM coverage equal to his bodily injury liability limits was ambiguous and did not adequately express that the insured had that coverage automatically. We do not find Holbrook dispositive of this case. Unlike the form in Holbrook, the printed form involved in this case informs the insured that under Louisiana law, his UM coverage limit must be equal to his bodily injury liability limit unless he elects to choose a different limit. The form then outlines the two options which require an affirmative act by the insured: 1) the selection of different limits; or 2) the rejection of UM coverage. In the area for choosing different limits, the form provides a checklist which includes limits lower than, equal to, and greater than the limits of the Martins' bodily injury liability coverage. In this respect, the form in this case is more analogous to the form in Longo, 692 So.2d ____than to the form in Holbrook.
The Martins were given the opportunity to select bodily injury liability limits of $100,000 or to select a limit of their choice. They clearly initialed that they elected to choose a limit themselves, and they then clearly initialed their choice of $20,000.
We are aware of a trend in the courts of this state which would decline to hold ordinary citizens accountable for reading and understanding the forms which they sign and for the economic choices they make unless said documents are drafted in the most simplistic terms. Our respect for the citizenry of this state precludes us from following that unpleasantly paternalistic trend. Accordingly, we find that CNA's UM Coverage Selection or Rejection form fully complies with the statutory and jurisprudential requirements that an insured be allowed to make a "meaningful, clear and unambiguous" decision as to the rejection of UM coverage or the selection of different limits than those provided by law.
For the foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiffs-appellants.
AFFIRMED.