hAMY, Judge,
dissenting.
I respectfully dissent. In my view, not only is a different result warranted, but neither do I find that the majority has squarely addressed the precise issue before this court. While the majority opinion primarily focuses upon jurisprudence indicating that an insurer’s form does not have to provide an insured with an opportunity to affirmatively accept uninsured motorist coverage, the real issue in the present matter, and the issue presented by the plaintiff on appeal, is whether the rejection form places the “insured in a position to make an informed rejection of UM coverage.” See Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (La.l992)(emphasis added). In my opinion, the form now in question does not provide the insured with the type of information required by the Louisiana Supreme court in Tugwell and the sub *135 sequent ease of Daigle v. Authement, 96-1662 (La.4/8/97); 691 So.2d 1213.
In Tugwell, 609 So.2d at 197, the supreme court stated that “the form used by the insurance company must give the applicant the opportunity to make a ‘meaningful selection’ from his options provided by the statute: (1) UM coverage equal to bodily injury limits in the policy, (2) UM coverage lower than bodily injury limits in the policy, or (3) no UM coverage.” The form now at issue allows the insured to indicate either a rejection of UM coverage or choose bodily injury limits different than those in the policy. There is no indication that, should the insured fail to choose either ^option, UM coverage would be provided. Neither does the form advise the insured that such coverage is statutorily required.
This court has previously found that an insurer does not have to provide an area in which the insured may affirmatively accept UM coverage. See Martin v. CNA Ins. Co., 96-1342 (La.App. 3 Cir. 4/2/97); 692 So.2d 677, writ denied, 97-1184 (La.6/20/97); 695 So.2d 1361. However, this absence of a requirement for affirmative acceptance does not relieve the insurer of its obligation to provide the insured with an opportunity to make a meaningful selection as described in Tugwell, 609 So.2d 195. While the form need not have a place to accept coverage, information must be supplied to the insured so that any decision or selection is an informed one. In Daigle, 96-1662, p. 4; 691 So.2d at 1215, the supreme court stated that “[a] form does not meet the statutory requirements if it fails to inform the applicant of an available option or forecloses an available option.” (Emphasis added). Furthermore, “[a]n insured cannot exercise an option he does not know exists.” Tugwell, 609 So.2d at 199. It seems clear from these directives that, only after being advised of an available option can the insured be found to have been placed in a position to make an informed rejection.
Nowhere in the form now at issue is the insured informed of the consequences of neither rejecting UM coverage nor selecting lower limits; or the affirmative and statutory duty of insurers to offer such coverage.[1] I find this information regarding the mandatory nature of the UM coverage, unless rejected or reduced by the insured, is necessary in order for an insured to make a meaningful selection from the available options! See TugweU, 609 So.2d 195.
^Further, while the majority notes that the supreme court approved the form at issue in Daigle, the complete text of the rejection form considered in the Daigle case is as follows:
UNINSURED MOTORISTS PROTECTION — COVERAGE SELECTION
Louisiana law requires that all automobile liability policies issued or delivered in this state shall afford Uninsured Motorist Coverage unless the insured shall reject such coverage.
I HAVE BEEN OFFERED and I hereby REJECT Uninsured Motorists Bodily Injury coverage.
SIGNATURE OF APPLICANT
(Footnote omitted). Thus, reference to language approved in Daigle indicates that information regarding the statutory provision of UM coverage, which is absent from the form now in question, was available for the insured.
Unlike Daigle, whether the requisite information in the present matter was available to the insured is not evident on the face of the rejection form. As the form and Bonnie Pellerin’s Farm Bureau policy are the only evidence of the purported rejection before the court, I conclude that the lower court erred in entering summary judgment in favor of the defendant, Farm Bureau. I would reverse and remand for further proceedings.
*136 [[Image here]]

. See attached form.