664 So.2d 572 (1995)
Rodney L. McCOY and Jennifer McCoy, Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
No. 95-689.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
*573 Lawrence N. Curtis, Lafayette, for Rodney L. McCoy and Jennifer McCoy.
Michael J. Breaux, Lafayette, for State Farm Mut. Auto. Ins.
Before THIBODEAUX and WOODARD, JJ., and KNIGHT [*], J. Pro Tem.
THIBODEAUX, Judge.
The plaintiffs, Rodney L. McCoy and his wife, Jennifer McCoy, sued State Farm Mutual Automobile Insurance Company to recover on Mr. McCoy's employer's underinsured motorist (UM) coverage. They now appeal the trial court judgment which granted State Farm's motion for summary judgment on the bases that McCoy's employer validly rejected UM coverage and, further, that McCoy was not an insured under the provisions of the insurance policy.
We reverse and remand. The purported rejection by McCoy's employer, Louisiana *574 Special Systems, Inc., is invalid and there exists a genuine issue of material fact on McCoy's status as an insured under the policy.

ISSUES
The issues on appeal are:
(1) whether the UM rejection form supplied by State Farm was sufficient to effect a rejection of UM coverage;
(2) whether it was proper for the trial court to consider parol evidence offered by the insurer and named insured to establish that there had been a valid rejection of UM coverage; and,
(3) whether Mr. McCoy was an "insured" under his employer's insurance policy.

FACTS
On April 6, 1993 at or about 8:24 a.m., Mr. McCoy was driving his mother's vehicle in a southerly direction on Louisiana Highway 182 in the Opelousas, Louisiana area when Barbara Jean Credeur rear-ended him. Mr. McCoy's vehicle was struck with such force that he was thrown about the interior of his vehicle, causing damages and injuries.
Special Systems provided Mr. McCoy with a 1991 Isuzu pickup truck insured by State Farm. The pickup truck was used almost exclusively by Mr. McCoy while performing his job duties. Kelly Mayeaux, the president of Louisiana Special Systems, testified by deposition that Mr. McCoy used the Isuzu about 99% of the time and that if another employee wanted to use the pickup truck, he or she would have to ask Mr. McCoy. On the date of the accident, however, Mr. McCoy was driving his mother's automobile. Mr. McCoy did not know why the Isuzu pickup truck was unavailable. Mayeaux stated in his deposition that he was in Orlando, Florida on the date of the accident and did not know why Mr. McCoy did not use the pickup truck. Mr. McCoy recovered the liability coverage on the Credeur vehicle and the UM coverage on his mother's vehicle. Thereafter, Mr. McCoy filed a separate suit for recovery of UM benefits under the State Farm policy issued to Special Systems.
Special Systems is a small business which owned four company vehicles, one of which was the 1991 Isuzu pickup truck usually driven by Mr. McCoy. Each vehicle was insured by a separate State Farm policy. Mayeaux carried workers' compensation insurance which provided coverage to all employees driving company vehicles in the course and scope of their employment; thus, Mayeaux claims that he rejected UM coverage on each of the four company vehicles on the four separate UM rejection forms provided by State Farm.

LAW AND DISCUSSION

A. Summary Judgment
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. Thus, we give no deference to the trial court's decision. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La.1991); Holbrook v. Holliday, 93-1639 (La.App. 3 Cir.); 640 So.2d 804; writ denied, 94-1735 (La. 10/7/94); 644 So.2d 642.
As set forth in La.Code Civ.P. art. 966, a plaintiff or a defendant in the principal or any incidental action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which has been prayed. Furthermore, the mover is entitled to judgment in his favor if the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. Holbrook, 640 So.2d at 806.
Because the burden of establishing that no material factual issue exists is on the mover, inferences to be drawn from the underlying facts contained in the record must be viewed in the light most favorable to the party opposing the motion. Holbrook, 640 So.2d at 807. Summary judgment must be denied if supporting documents presented by the mover are insufficient to resolve all material factual issues. Durrosseau v. Century 21 Flavin Realty, Inc., 594 So.2d 1036 (La. *575 App. 3 Cir.1992). Only if the mover's supporting documents are sufficient does the burden to prove the existence of a material factual issue, shift to the party opposing the motion for summary judgment. The opposing party may no longer rest on the allegations and denials contained in his pleadings and must present evidence of a material fact issue. Id. Any doubt as to the existence of a material fact issue is resolved against granting a summary judgment and in favor of a trial on the merits to resolve disputed facts. Chaisson v. Domingue, 372 So.2d 1225 (La.1979). Where there is a question relating to subjective facts such as intent, knowledge, motive, malice or good faith; summary judgment is seldom appropriate. Penalber v. Blount, 550 So.2d 577 (La.1989). Summary judgment may not be granted even if the trial court has grave doubts as to a party's ability to establish disputed facts. Young v. Shelter Insurance Co., 604 So.2d 199 (La.App. 2 Cir.); writ denied, 607 So.2d 559 (La.1992).

B. UM Coverage
Louisiana Revised Statute 22:1406(D)(1)(a)(i-ii) provides that uninsured motorist coverage exists in amounts not less than the limits of bodily injury liability unless an insured rejects in writing, on a form provided by the insurer, UM coverage or selects limits lower than the bodily injury liability limits. The purpose of the UM statute is to promote the recovery of damages to innocent victims of vehicular accidents when the tortfeasor is either underinsured or uninsured. The statute accomplishes this purpose by making UM coverage available to the victim as primary protection against the tortfeasor not adequately insured. Holbrook v. Holliday, 640 So.2d 804. Tugwell v. State Farm Insurance Co., 609 So.2d 195 (La.1992) instructs courts to liberally construe the statute so that exceptions to UM coverage requirements are interpreted strictly. The insurer has the burden of proving that any named insured rejected, in writing, UM coverage equal to the bodily injury liability limits or selected lower limits. Id.
State Farm contends that the UM coverage rejection form signed by Mayeaux was a valid rejection of UM coverage. To support its contention, State Farm relies on this court's decision in Allen v. State Farm Mutual Automobile Insurance Co., 617 So.2d 1308 (La.App. 3 Cir.1993), while recognizing this court's most recent case, Holbrook, 640 So.2d 804. In Holbrook, we found that State Farm's UM Coverage Selection or Rejection form did not comply with the statutory and jurisprudential requirements allowing an insured to make an informed decision. Any exclusion from coverage must be clear, unmistakable, and unambiguous. Henson v. Safeco Insurance Companies, 585 So.2d 534 (La.1991). This court strongly stated in Holbrook, 640 at 808, that it is the form itself that must be clear, unmistakable and unambiguous in order for an affirmative act to be informed and intelligently made. The Holbrook holding is clearly in accord with the amendment of the UM statute, Section 2 of Acts 1987, No. 436, which stated the intent of the legislature to make legally enforceable the rejection of UM coverage or selection of lower limits by use only of the standard form provided for in the Act.
In Holbrook, we specifically concluded that the State Farm form did not give the plaintiffs the opportunity to make a meaningful selection from the options available to her as provided by statute because it only detailed two of the options available. We further explained that the language of the first paragraph which explains UM coverage in Louisiana under the statute, is not clear. The printed form involved in this case informs the insured of his right to UM coverage for "bodily injury, sickness or disease, including death, caused by owners or operators of uninsured or underinsured motor vehicles... in amounts not less than the limits of ... automobile bodily injury liability insurance" but then only provides two options for the insured: 1) the selection of lower limits; or, 2) the rejection of UM coverage. We find that the State Farm form to be defective in form and, therefore, invalid as a matter of law.
State Farm argues that the clear words in Mayeaux's affidavit show indisputably that he intended to reject UM coverage. On the other hand, the McCoys assert that *576 the Tugwell requirements were intended to eliminate the need to consider extrinsic evidence in determining the insured's intent to reject UM coverage. The McCoys further assert that exclusion of extrinsic evidence of intent is supported by the language of the UM statute.
The amendment of 1987, Section 2 of Acts 1987, No. 436 supports the McCoys' position. It states: "Other writings, letters, communications, or miscellaneous documents shall not be deemed evidence of the intent of any insured in this matter." As the first circuit stated in Jordan v. Honea, 407 So.2d 503, 506 (La.App. 1 Cir.1981), writ denied, 409 So.2d 654, 660 (La.1982):
[T]he expression of a desire not to have UM coverage, however clear, does not necessarily constitute a valid rejection if the expression of rejection does not meet the formal requirements of law.
Furthermore, Louisiana statutory and decisional law as well as public policy favoring UM coverage is so strong and unyielding that the question of whether the parties intended such coverage does not matter. Degruise v. Houma Courier Newspaper, 94-2386 (La.App. 1 Cir. 6/23/95); 657 So.2d 580. Moreover,
"The burden of proving that rejection of UM coverage was executed, in proper form, without ambiguity, by the proper person, or anything else regarding the effectiveness of such a rejection lies on the party seeking to enforce the rejection and escape UM liability. (Citations omitted). [P]roof of rejection and its effectiveness shall be heavily scrutinized by courts in accordance with the strong public policy to encourage UM coverage as noted by the Louisiana Supreme Court, and as is inherent in the legislative language of the Louisiana statutory provisions." (Citations omitted).
Id. at 589. That burden was not met in this case.

C. Insured
The McCoys assert that the trial court erred in finding that there was no genuine issue of material fact with regard to whether Mr. McCoy was an "insured" under the UM provisions of the State Farm policy. State Farm argues that regardless of the validity of Mayeaux's rejection of UM coverage on the form it supplied for that purpose, State Farm is still entitled to a grant of summary judgment against the McCoys because Mr. McCoy is not an "insured" under the policy; thus, there is no material factual issue. The McCoys agree that Mr. McCoy was not a named insured in the policy issued by State Farm to Special Systems. However, the McCoys argue that under the definition of "insured" in the UM provisions an insured is defined broadly as:
... [T]he person or persons covered by uninsured motor vehicle coverage and any other person while occupying ... a temporary substitute car.
"Temporary Substitute Car" is defined as:
[A] car not owned by you or your spouse, if it replaces your car for a short time. Its use has to be with the consent of the owner. Your car has to be out of use due to its breakdown, repair, servicing, damage or loss ... (Emphasis added).
Thus, the McCoys claim that pursuant to the above definition of an "insured" Mr. McCoy was an insured under the policy because his mother's car was used as a temporary substitute car.
Mayeaux testified by deposition in 1993 that on the date of the accident, he was in Orlando, Florida and did not know the whereabouts of the Isuzu pickup truck or whether Mr. McCoy used his mother's vehicle because the pickup truck was out of use due to its breakdown, repair, servicing, damage or loss. However, Mayeaux stated in his affidavit submitted by State Farm in support of its motion for summary judgment that based on his personal knowledge, information and belief, the pickup truck was not out of service due to breakdown, repair, servicing, damage or loss. The McCoys' primary contention regarding Mayeaux's affidavit is that its contents as to the whereabouts of the pickup truck are not facts within Mayeaux's personal knowledge; therefore, the affidavit does not constitute proper summary judgment evidence under La.Code Civ.P. art. 967 which requires that the affidavits submitted *577 in support of a motion for summary judgment be made on personal knowledge. In his affidavit, Mr. McCoy merely stated that the pickup truck was not available. He did not state that the truck was out for repairs or servicing; thus, he does not know the reasons the truck was unavailable.
The personal knowledge requirement means that a witness have firsthand knowledge of that to which he testifies or, stated another way, that the witness acquired information through the use of the witness' senses. La.Code Evid. art. 602, comment (b). Louisiana Code of Civil Procedure Article 967 provides in unmistakable terms that the supporting and opposing affidavits submitted in connection with a motion for summary judgment shall be made on personal knowledge. Therefore, the personal knowledge of the affiant is required in such cases. An affidavit which fails to make the affirmative showing of personal knowledge is fundamentally defective and cannot be considered in a ruling on a motion for summary judgment. Barnes v. Sun Oil Co., 362 So.2d 761 (La.1978). Mayeaux's affidavit states that it is made on "personal knowledge, information and belief." We cannot determine what information in his affidavit is based solely on personal knowledge. Accordingly, the affidavit should not have been considered by the trial court. See Katz v. Innovator of America, Inc., 552 So.2d 724 (La.App. 1 Cir.1989).
The affidavits of McCoy and Mayeaux and the deposition of Mayeaux clearly show a genuine issue of material fact regarding whether the Isuzu pickup truck was out of use due to its breakdown, repair, servicing, damage or loss which would settle the issue of whether Mr. McCoy was an "insured" under the UM provisions of the State Farm policy. The case will be remanded for further proceedings.

CONCLUSION
For the reasons expressed, the judgment of the trial court is reversed. This case is remanded to the trial courts for proceedings consistent with the views expressed herein.
Costs of this appeal are assessed to the defendant-appellee, State Farm Mutual Automobile Insurance Company.
REVERSED AND REMANDED.
NOTES
[*] Judge William N. Knight of the Thirty-First Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.