hDOUCET, Chief Judge,
concurring.
For the following reasons, I concur with the majority.
In Holbrook v. Holliday, 93-1639 pp. 3-5 (La.App. 3 Cir. 6/1/94); 640 So.2d 804, 807, writ denied, 94-1735 (La. 10/7/94); 644 So.2d 642 this court stated the following:
La.R.S. 22:1406(D)(l)(a)(i-ii) provides that uninsured motorist coverage exists in amounts not less than the limits of bodily injury liability unless an insured rejects in writing the coverage or selects lower limits. The clear purpose of the statute is to promote the recovery of damages for innocent victims of automobile accidents when the tortfeasor is either uninsured or under-insured. This purpose is accomplished by making UM coverage available for the victim’s benefit as primary protection against the tortfeasor not adequately insured. Uhrich v. National Fire Ins. Co., 569 So.2d 1062 (La.App. 3d Cir.1990), writ denied, 572 So.2d 96 (1991). The statute is to be liberally construed, such that statutory exceptions to the UM coverage requirements are interpreted strictly. Tugwell v. State Farm Insurance Co., 609 So.2d 195 (La.1992). The burden of proving that any named insured rejected, in writing, UM coverage equal to the bodily injury liability limits or selected lower limits is on the insurer. Id.
The Holbrooks claim that the rejection form is ineffective because it does not provide the insured with the three options required by the Louisiana Supreme Court in Tugwell, supra. Tugwell noted that:
‘... a valid rejection or selection of lower limits must be in writing and signed by the named insured or his legal representative. (Citations omitted). Further, the insurer must place the insured in a position to make an informed rejection of UM coverage. In other words, the form used by the insurance company must give the applicant the opportunity to make a ‘meaningful selection’ from his options provided by the statute: (1) UM coverage equal to bodily injury limits in the policy, (2) UM coverage lower than bodily injury limits in the policy, or (3) no UM coverage.’
Id. at 197.
Because the statute automatically provides for UM coverage equal to the bodily injury liability limits, absent a rejection of UM coverage or selection of lower limits in writing, the customer possesses UM coverage as a matter of law. In other words, the policyholder does not have to do an affirmative act; that is, indicate in any manner their choice for UM coverage equal to the bodily injury liability limits of the policy. If the Holbrooks had done nothing on the form, UM coverage would have been automatically provided. Thus, although Tugwell and the statute provide for three options, only two of those options, the rejection of UM coverage and the selection of UM coverage with limits lower than the policy’s bodily injury liability limits, require an affirmative act on the part of the policyholder.
We find that State Farm’s Acknowledgment of UM Coverage Selection or Rejection form does not comply with the statutory and jurisprudential requirements allowing an insured to make an informed decision as to the rejection of UM coverage where it does not list each option as Tugwell mandates.
*1118 And more recently in McCoy v. State Farm, Mut. Auto. Ins. Co., 95-689 (La.App. 3 Cir. 11/2/95); 664 So.2d 572, 575 we reiterated as follows:
In Holbrook, we specifically concluded that the State Farm form did not give the plaintiffs the opportunity to make a meaningful selection from the options available to her as provided by statute because it only detailed two of the options available. We further explained that the language of the first paragraph which explains UM coverage in Louisiana under the statute, is not clear. The printed form Iginvolved in this case informs the insured of his right to UM coverage for ‘bodily injury, sickness or disease, including death, caused by owners or operators of uninsured or underinsured motor vehicles ... in amounts not less than the limits of ... automobile bodily injury liability insurance’ but then only provides two options for the insured: 1) the selection of lower limits; or, 2) the rejection of UM coverage. We find that [sic] the State Farm form to be defective in form and, therefore, invalid as a matter of law.
In the case at bar, National’s rejection form gave the plaintiffs only one option, that of rejecting UM coverage. In keeping with the cases cited above, I concur, finding we have no choice but to find National’s rejection form defective and invalid as a matter of law.