| iWOODARD, Judge.
Adult sons of deceased individual, who died as a result of an accident off the coast of Nigeria, appeal trial court’s granting of summary judgment on behalf of defendant oil drilling company for intentional infliction of emotional distress and mishandling of decedent’s remains. We affirm.
FACTS
On November 13, 1994, Roger Sharp died after a fatal accident aboard the rig Yucatan, off the coast of Nigeria. At the time of his death, Sharp was working for the defendant, Noble Drilling Corporation (Noble). Sharp’s body was embalmed in Nigeria and transferred to Houston, Texas, where an autopsy was performed. The autopsy revealed that Sharp died from a severe head injury sustained from a fall. Mr. Sharp’s body was then transferred to Alexandria, Louisiana, where he was buried on November 20, 1994.
Plaintiffs Jacob Bryan Sharp and Stephen Paul Sharp (the Sharps), the adult sons of Roger Sharp, assert that at the wake for *610 their father, John Off and Ray RBearden, both Noble employees, represented to them that the coffin for their father must remain closed, due to disfiguring mutilations caused by the Nigerian “witch doctor” or embalmer. The Sharps further assert that they were shown a photograph by Gregory S. Erwin, counsel for their step-mother and co-defendant, Beverly Britton Sharp, purportedly taken at their father’s autopsy in Houston. The photograph showed the neck and face of an individual represented to be Roger Sharp, but both Jacob and Stephen assert that they could not tell whether the subject was in fact their father. Both sons asked Beverly Sharp to allow them to view the body of their father, but she denied the request. The Sharps state that sometime after the wake service ended, they opened the coffin, which purportedly contained the remains of their father, but that the body inside was neither disfigured, nor their father.
On November 18, 1995, almost one year from the date of their father’s burial, Jacob and Stephen filed suit alleging abuse of right and intentional infliction of emotional distress against Beverly Sharp, arising out of her refusal to allow the two sons to view their father’s body before burial. The Sharps further allege that she was negligent in allowing the casket to remain closed, asserting no identification of the body had been made since it had been in the United States. The Sharps also assert that Noble’s communication of the horror stories about their father’s condition caused them emotional distress, and that Noble was negligent in transporting Roger Sharp’s body back to the United States, since the body in the casket that they saw was not their father.
The trial court granted peremptory exceptions of no cause of action and no right of action filed by Beverly Sharp and granted motions for no cause of action and summary judgment in favor of Noble. Stephen and Jacob now appeal the trial court’s granting of Noble’s exception of no cause of action and motion for summary judgment.
ASSIGNMENT OF ERROR
The Sharps claim the following assignment of error:
(1) That the trial court erred in granting summary judgment and the exception of no cause of action filed by Noble for the following reasons:
| a A. There are genuine issues of material fact present in this case which preclude summary judgment.
B. Given that all representations in the pleadings are true, there are legal remedies available to the Sharps which preclude the peremptory exception of no cause of action.
C. The trial court stated during the hearing on the exception that the Sharps do not have a cause of action on emotional distress, thereby granting the exception of no cause of action on an issue, some of which had not been pleaded by Noble, in the exception of no cause of action which discussed only the loss of the body of Roger Alan Sharp.
D. If the trial court detected a flaw in the original petition, the trial court erred in failing to order amendment of the original petition instead of granting the peremptory exception in accordance with Louisiana law.
LAW
Issues BefoRE the Trial Court
The Sharps assert that the trial court erred in granting an exception of no cause of action as to their claim of intentional infliction of emotional distress. In support of this assertion they aver that Noble, in its memorandum in support of the exception, only addressed the issue of wrongful disposition of remains, and not the issue of intentional infliction of emotional distress. From these assertions, the Sharps posit that the trial court erred by rendering a decision on an area of the pleadings that was not properly before it.
La.Code Civ.P. art. 927(B) specifically states that “the failure to disclose a cause of action ... may be noticed by either the trial or appellate court of its own motion.” Therefore, it is of no consequence that Noble did not argue the claim of intentional infliction of *611 emotional distress in its motion in support of its exception of no cause of action. Since the trial court may, on its own motion, recognize the failure of a party to state a cause of action, the issue was properly before it regardless of whether Noble included this argument in their supporting memorandum. Furthermore, in addition to its exception of no cause of action, Noble also brought a motion for summary judgment, which was heard at the same time. Therefore, the trial |4court was empowered to hear not only the exception of no cause of action, but to rule on the sufficiency of the evidence as well.
Sufficiency of the Pleadings for Exception of No Cause of Action
Since we have determined that the trial court was within its power to grant or deny the exception of no cause of action, we must next determine whether the court erred in exercising this power and granting the exception. The Sharps assert that the trial court erred by failing to order amendment of the original petition in order to cure any flaws it may have had. The petition asserts three causes of action: abuse of right, intentional infliction of emotional distress, and negligence. We shall discuss these three causes of action in turn.
Abuse of Rights
First, the Sharps assert that Noble is liable for abuse of rights. For a cause of action under the abuse of right doctrine to exist, the holder of an individual right must exercise that right to the detriment of another simply for the sake of exercising it. Truschinger v. Pak, 513 So.2d 1151 (La.1987); M.D. Care, Inc. v. Angelo, 95-2361 (La.App. 4 Cir. 3/20/96), 672 So.2d 969, writ denied, 96-0986 (La.5/31/96), 673 So.2d 1039. We need not delve into the specific application of this doctrine since, by definition, the doctrine of abuse of rights is inapplicable in this situation. Under La.R.S. 8:655, Beverly Sharp, the wife of the deceased, alone had the right to control the disposition of the remains of Roger Sharp. This is an individual right which was not, and could not, be exercised by Noble. Therefore, no cause of action under the abuse of rights doctrine can be sustained against Noble. For these reasons, the trial court did not abuse its discretion by granting the exception of no cause of action as to the claim of abuse of right against Noble.
Intentional Infliction of Emotional DisTRESS
The Sharps’ second asserted cause of action against Noble is for intentional infliction of emotional distress, stemming from the Noble employees who allegedly told the Sharps “horror stories” about the state of their father’s body. The Louisiana _]jiSupreme Court, in White v. Monsanto Co., 585 So.2d 1205, 1209 (La.1991), held that:
[I]n order to recover for intentional infliction of emotional distress, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.
The court further held that:
The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.... Persons must necessarily be expected to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind.
Id. In their original petition, the Sharps present no facts to support their claim that Noble intentionally caused them mental anguish. Furthermore, the only evidence produced by the Sharps in support of their opposition to the exceptions of no right and no cause of action are their own depositions which simply restate the substance of their original pleadings. Since neither the original pleadings, nor the supplemental affidayits in support of those pleadings, provide evidence that Noble had the intent to inflict severe emotional distress, the trial court did not abuse its discretion in granting the exception of no cause of action.
*612 Negligent Mishandling of the Deceased
The Sharps’ third asserted cause of action is that Noble was negligent in their handling of the body of Roger Sharp. Specifically, the Sharps allege that the body in the casket delivered by Noble from Nigeria was not their father and that, therefore, Noble lost the body of Roger Sharp somewhere between Nigeria and Alexandria, Louisiana.
Initially, we must determine whether the Sharps have standing to bring this claim. While La.R.S. 8:655 gives the surviving spouse, not judicially separated, the right to control the disposition of the decedent spouse’s remains, courts in Louisiana have recognized that “near relatives” have a right of action for distress sustained as a result of the disturbance of those remains. Fortuna v. St. Bernard Memorial bGardens, Inc., 529 So.2d 883 (La.App. 4 Cir.1988). Jacob and Stephen, as the major sons of Roger Sharp, are included in the category of “near relatives” who may bring such a suit. Furthermore, the Sharps claim that Noble’s act of mishandling their father’s remains caused them severe emotional distress. The Sharps have properly asserted a cause of action as to the claim of negligent handling of remains. Therefore, Noble’s exception of no cause of action, as to the claim of negligent handling of remains, should be denied. This denial does not end our analysis, however. Noble also brought a motion for summary judgment asserting that the Sharps have produced no evidence linking Noble to the alleged loss of Roger Sharp’s body.
Motion FOR SummaRY Judgment
When reviewing a trial court’s judgment granting a motion for summary judgment, an appellate court will ask the same questions as did the trial court in determining whether summary judgment was appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730. The party moving for summary judgment has the burden of proving two things: (1) that no genuine issue of material fact exists, and (2) that reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law. Penton v. Clarkson, 93-0657 (La.App. 1 Cir. 3/11/94), 633 So.2d 918, (citations omitted). If supporting documents presented by the mover fail to resolve all material factual issues, the motion for summary judgment must be denied. McCoy v. State Farm Mut. Auto. Ins. Co., 95-0689 (La.App. 3 Cir. 11/2/95), 664 So.2d 572. If the mover’s supporting documentation is sufficient to establish that no genuine issue of material fact exists, the burden of proving the existence of a genuine issue of material fact shifts to the non-moving party. Id.
The law of this state has always supported the proposition that “[sjummary judgments are not favored and should be used cautiously and sparingly, and any reasonable doubt should be resolved against the mover.” Pen-ton, 633 So.2d at 922 (citations omitted). However, recent and dramatic changes have occurred in this area as part of the 1996 legislative tort reform package. 1996 La. Sess.Law.Serv. 1st Ex.Sess. Act 9 (S.B.27) (WEST). In the 1996 special session, Act 9 of 1996 amended- La.Code Civ.P. art. 966, effective May 1, 1996. Article 966 now states, in pertinent part:
|7A. (2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. ... The procedure is favored and shall be construed to accomplish these ends.
* * *
C. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.
* * *
G. Notwithstanding any other provisions of this Article to the contrary, the burden of proof shall remain with the mover.
*613 Thus, pursuant to the new statute, summary judgment is now favored and should be applied liberally.
In the past, any doubt regarding the existence of a material fact was to be resolved against granting the summary judgment, even if grave doubts existed as to a party’s ability to establish disputed facts at trial. Penton, 633 So.2d 918. The amendment does not change the law regarding the burden of proof; the mover continues to be required to first show that there is no genuine issue and that he is entitled to summary judgment as a matter of law. Short v. Griffin, 96-0361 (La.App. 4 Cir. 8/21/96), 682 So.2d 249 ; Walker v. Kroop, 96-0618 (La. App. 4 Cir. 7/24/96), 678 So.2d 580. A court continues to be bound by pre-amendment jurisprudence that defines and applies the terms “genuine issue” and “material fact,” and in placing the burden of proof on the moving party. Id. However, it now appears, based on the new language of section (C), that the non-moving party will be held to a higher standard of proof, i.e. a non-moving party must sufficiently establish the existence of proof of an essential element of his claim or defense on which he is to bear the burden of proving at trial. This must be done in order to rebut a showing made by the mover of the non-existence of a genuine issue of material fact. Only after the mover has met his burden, summary judgment will be rendered against the non-mover who fails to provide sufficient proof regarding the existence of a genuine issue. Short, 682 So.2d 249.
18In the present case, Noble supported its motion for summary judgment by presenting documentary evidence showing an unbroken chain of custody for Roger Sharp’s body. This evidence included: (1) a sworn statement made by a certified emergency medical technician in Nigeria, witnessed by the United States Vice Consul for Nigeria, certifying that the body inside of the casket was that of Roger Sharp, (2) documentation from the Government of Nigeria showing that the casket containing the remains of Roger Sharp was to be sealed, (3) documentation showing an unbroken chain of custody for the body from Nigeria to Houston, Texas, (4) an autopsy report from the Academic Institute of Pathology in Houston, Texas identifying the body as Roger Sharp and, (5) a vital information sheet for Roger Sharp from the Hixson Bros. Funeral Home in Alexandria, Louisiana.
We find that the trial court did not abuse its discretion in determining that this evidence is sufficient to establish that no genuine issue of material fact existed as to Noble’s delivery of the body of Roger Sharp to the Hixson Bros. Funeral Home in Alexandria. Once a motion for summary judgment has been made and supported, the party opposing the motion may not rest on the mere allegations of his pleadings but must set forth by way of affidavit or other receivable evidence specific facts showing a genuine issue for trial or else summary judgment will be rendered against him. La.Code Civ.P. art. 967; Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3 Cir.1985). In opposition to Noble’s motion for summary judgment, both Stephen and Jacob Sharp presented affidavits stating that the body they viewed in the casket was not the body of Roger Sharp. These affidavits merely reiterate allegations contained in the petition and do not set forth any specific facts other than those in the petition. As such, they are not sufficient to defeat the motion. Therefore, this assignment has no merit.
Right to Amend Pleadings
In the last section of their assignment of error, the Sharps assert that the trial court erred in not granting their request to amend their original petition as to the negligence claim against Noble. Noble asserts that the Sharp’s petition is inconsistent because it claims that Noble “caused” Roger Sharp’s body to be delivered to Louisiana, and also that Noble lost the body. The Sharp’s assert that their request to replace the word “cause” in the second paragraph of the petition with [9the words “attempted to cause” should have been granted, thus making the petition internally consistent. While this argument has merit, the changes proposed by the Sharps would not change the outcome of this case. We have already de *614 termined that the Sharps have produced insufficient evidence to prove that the body of Roger Sharp was in fact lost. The amendments proposed by the Sharps do not change the fact that they have failed to meet their burden of proof in opposition to Noble’s motion for summary judgment. Therefore, this part of the assignment of error also lacks merit.
CONCLUSION
For the reasons stated above the decision of the trial court is affirmed with costs to the plaintiffs.
AFFIRMED.